**UNITED STATES v. HUNTLEY et al.**

No. 1473.

United States District Court
E. D. Tennessee, N. D.

March 5, 1951.

Otto Ault, U. S. Dist. Atty., Chattanooga, Tenn., Ferdinand Powell, Jr., Asst. U. S. Dist. Atty., Knoxville, Tenn., for plaintiff.

Richard Carson, and Grimm, Tapp & Carson, Knoxville, Tenn., for Willie Pickens Huntley.

Hobart Atkins, Knoxville, Tenn., for Carrie Hudson.

ROBERT L. TAYLOR, District Judge.

The complaint in this case was filed by the United States of America in the nature of an interpleader, to determine the party entitled to the proceeds of National Life Insurance Certificate No. N–8 062 456.

Willie Pickens Huntley is named as the principal beneficiary in this contract of insurance, and Carrie Hudson is named as a contingent beneficiary.

Willie Pickens Huntley claims the proceeds of the policy as the widow of James Huntley, the insured.

Carrie Hudson, sister of the deceased, James Huntley, claims the proceeds as the contingent beneficiary upon the theory that Willie Pickens Huntley was not lawfully married to James Huntley.

The parties agreed, upon the day of the trial, that the file of the Veterans Administration, or the pertinent parts thereof, including the depositions, affidavits, certificates of marriage and certificate of search, may be treated as evidence herein, subject to the usual exceptions of incompetency, irrelevancy and immateriality. This stipulation covers all the evidence in the case.

By written stipulation, the parties agreed that Carrie Hudson is the sister of the deceased, James Huntley, that the deceased, James Huntley, died on July 27, 1946; that at the time of his death the insurance policy in question was in full force and effect; that Willie Pickens Huntley is named as principal beneficiary and Carrie Hudson as contingent beneficiary in this insurance policy.

The determinative question in the case is whether Willie Pickens Huntley is the legal widow of the insured, James Huntley, deceased. It is conceded that James Huntley ceremoniously married Willie Pickens Huntley on January 29, 1942, in Washington County, Mississippi; that this marriage, if valid, continued until the date of death of James Huntley sometime in 1946.

Willie Pickens Huntley admits that she ceremoniously married Charlie McCann in Mississippi on September 29, 1924, and that she entered into a like marriage in the same state on August 18, 1927 with Sidney Pickens. She claims that neither of these marriages was valid for the reason that McCann and Sidney Pickens were incapable of entering into valid marriages because of previous and subsisting marriages.

It is conceded by the attorneys for Carrie Hudson in their brief that the marriage of Willie Pickens Huntley to Charlie McCann was invalid because of Charles' previous valid marriage to Doris (Donice) McGehee.

The question to be answered is whether or not Sidney Pickens was capable of enter-

ing into a valid marriage with Willie Pickens Huntley, or was incapable because of a prior, subsisting valid marriage.

The following chart will show the multiple marriages that are material to a proper determination of the case:

| | Date of Marriage and Parties | Kind of Marriage | Place of Marriage and Cohabitation | How Marriage was Terminated |
|---|---|---|---|---|
| 1. | Oct. 27, 1909: Mary Williams to Jim Patterson | Ceremonial | Mississippi | By death of Jim Patterson |
| 2. | June 15, 1912: Mary Williams to Irvin Williams | Ceremonial | Mississippi | No record |
| 3. | Nov. 3, 1913: Mary Williams to Cleveland Aiken | Ceremonial | Mississippi | No record No divorce |
| 4. | Aug. 26, 1917: Mary Williams to John L. Williams | Ceremonial | Mississippi | No record |
| 5. | Feb. 9, 1918: Charlie McCann to Doris (Donice) McGehee | Ceremonial | Mississippi | No record No divorce |
| 6. | Aug. 21, 1920: Sidney Pickens to Mary Williams | Ceremonial | Mississippi | No record No divorce |
| 7. | Sept. 29, 1924: Willie Pickens Huntley to Charlie McCann | Ceremonial | Mississippi | No record No divorce |
| 8. | Aug. 18, 1927: Willie Pickens Huntley to Sidney Pickens | Ceremonial | Mississippi | No record No divorce |

In favor of every subsisting marriage there is a strong presumption of validity. Where one, or both, of the parties to the present marriage has been married before, there is a presumption that the prior marriage has been dissolved, either by divorce or by the death of the former spouse prior to consummation of the subsequent marriage. These presumptions are the rules which the court observes in examining the record as to the marriages shown in the foregoing chart. There is, of course, the well recognized principle that a presumption prevails only in the absence of such evidence as will rebut the presumption. Colored Knights of Pythias v. Tucker, 92 Miss.

501, 46 So. 51; Madewell v. United States, D.C.E.D. Tenn., 84 F.Supp. 329.

It is conceded that marriages No. 5 and No. 7 are immaterial, as they did not constitute an impediment to Willie Pickens Huntley. The inquiry accordingly concerns those marriages which affected the question of the competency of Sidney Pickens.

The record shows that in the case of marriage No. 1, Jim Patterson died while living with Mary Williams as her husband. Accordingly, the marriage of Mary Williams and Irvin Williams was presumptively valid. The presumption of validity prevails because there is no proof that either party was impeded by a prior marriage or otherwise. There is evidence that at the time Mary Williams married Cleveland Aiken (marriage No. 3), the marriage of Mary Williams to Irvin Williams had not been dissolved, either by divorce or by death of Irvin Williams. Accordingly, the presumption of validity in favor of marriage No. 3 is rebutted, and the Court holds that marriage No. 3 was void. The same is true of marriage No. 4, for at the time of the marriage of Mary Williams to John L. Williams, she had a living husband, namely, Irvin Williams.

Subsequent to marriage No. 4, there is still no record of a formal dissolution of marriage No. 2. A search was made in certain counties in Mississippi where Mary Williams, John L. Williams annd Irvin Williams had resided, and the search disclosed no divorce proceedings by any of them. However, it appears that Mary Williams left John L. Williams about a year after their marriage, and so far as the record discloses she may have lived in other counties in Mississippi, or in other States.

The deposition of John L. Williams contains the following question: "Q. When you and Mary separated, where did she go? A: She told me she wanted to go back to Georgia."

It appears in the deposition of Sidney Pickens that the home of Mary Williams had originally been in Americus, Georgia. The record accordingly contains a hiatus of eight or nine months, a period in which the whereabouts and activities of Mary Williams are unknown.

Mary Williams married Sidney Pickens on August 21, 1920. The presumption of validity as to this marriage is overcome only as to that period of time and those places of residence covered by the search contained in the record. It is not overcome as to the eight or nine months immediately preceding her marriage to Sidney Pickens. Accordingly, the presumption of validity prevails as to marriage No. 6.

At the time of marriage No. 8, that is, the marriage of Sidney Pickens to Willie Pickens Huntley, Mary Williams, the wife in marriage No. 6, is shown by the record to have been living. The records of the counties in which Sidney Pickens and Mary Williams lived following their separation, were searched in part. No record of a divorce proceeding by either party was found. But the record again contains a hiatus. The deposition of Sidney Pickens discloses that when Mary Williams left him, she went to Jacksonville, Florida, and from Jacksonville, Florida, to Americus, Georgia, her old home. No search of the records in Florida and Georgia was made. The record accordingly is silent as to what Mary Williams might have done as to the matter of obtaining a divorce from Sidney Pickens, hence the presumption of divorce obtains. It results that the presumption in favor of the validity of marriage No. 8 prevails, which is the marriage of Willie Pickens Huntley, one of the claimants, to Sidney Pickens.

Sidney Pickens was living January 29, 1942, when Willie Pickens Huntley attempted to marry the insured, James Huntley. Both Sidney Pickens and Willie Pickens Huntley state in their depositions that neither obtained a divorce from the other. Willie Pickens Huntley, therefore, had a living husband at the time of her attempted marriage to the insured.

The conclusion is that she is not the legal widow of the insured and, not being otherwise within the class of permissible beneficiaries, her claim to the insurance benefits must be rejected.

Therefore, it follows that Carrie Hudson, the contingent beneficiary, is entitled to the insurance benefits.

Let an order be prepared accordingly.